IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|   Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 2:16-618 |
| § | CIVIL NO. 2:17-166 |
| SOCORRO NAJERA-VALDEZ, § | |
|   Defendant/Movant. § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Socorro Najera-Valdez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 26, 27.[1] Pending before the Court is the United States of America's (the "Government") motion for summary judgment (D.E. 36), to which Movant has not responded. For the reasons stated herein, the Government's motion is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

On August 31, 2016, Movant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a)(1) and 1326(b)(2) before a United States Magistrate Judge. The Court thereafter ordered the Probation Office to prepare a Presentence Investigation Report (PSR, D.E. 14). Movant's base offense level was 8 under U.S.S.G. § 2L1.2, and 16 levels were added under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Movant was previously deported after a crime of violence, felony aggravated assault, in the 93rd Judicial District of Hidalgo County, Texas. After credit for acceptance of responsibility, Movant's total

---

1. Docket entries refer to the criminal case.

offense level was 21. With a criminal history category of VI, his guideline sentencing range was 77 to 96 months' imprisonment.

Sentencing was held on January 11, 2017. Neither side objected to the PSR, which the Court adopted without change. Defense counsel orally moved for a downward variance to 36 to 38 months, which the Court granted in part, sentencing Movant to a below-guideline sentence of 60 months. In doing so, the Court noted that, in addition to the 16-level enhancement for his prior aggravated assault conviction, Movant's criminal history included five DWI and two illegal reentry convictions.

Judgment was entered on January 13, 2017. Movant did not appeal. His conviction therefore became final on January 27, 2017. *See* FED. R. APP. P. 4(b)(1)(A)(i). Movant filed the present motion under § 2255 on May 12, 2017. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion asserts that defense counsel was ineffective for failing to object to the PSR's inclusion of convictions dating back more than 10 years when calculating Movant's criminal history score.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81

F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

3

different." *Id.* at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

## IV. ANALYSIS

Movant complains that his "15 and 17 years (*sic*) old convictions were utilized in the sentencing range and/or the guidelines points systems" in violation of Federal Rule of Evidence 609, which "excludes prior convictions that are over ten (10) years prior." D.E. 26, pp. 3, 5. According to Movant, "'BUT-FOR' Counsel's deficiency and/or omission of advocating Petitioner's inadmissible prior convictions, Petitioner's trial most probably would have differentiated in a lower prison sentence." D.E. 27, p. 1.

Federal Rule 609 "appl[ies] to attacking a [trial] witness's character for truthfulness by evidence of a criminal conviction"—not to calculating a defendant's criminal history at sentencing. FED. R. EVID. 609(a). Instead, U.S.S.G. "Section 4A1.2(e) governs whether prior convictions count for criminal history purposes." *United States v. Arviso–Mata*, 442 F.3d 382, 385 (5th Cir. 2006). "Under § 4A1.2(e), computation of criminal history points is determined by the length of the sentence and the *date of the imposition or release of the sentence.*" *Id.* (emphasis added). It states in relevant part:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1).

4

Movant does not specify which of his prior convictions were improperly included in calculating his criminal history score; however, Movant had convictions in 2000 and 2002 that scored criminal history points and occurred roughly 15-17 years before his instant offense.

**A. 2000 Conviction for Possession of a Controlled Substance**

In March 2000, Movant was arrested for driving while intoxicated (DWI) and possession of a controlled substance. PSR ¶¶ 25–26. He was convicted of possession of a controlled substance on September 15, 2000, and sentenced to five years' probation, in the 389th District Court of Hidalgo County, Texas, Case No. CR-1829-00-H. On March 24, 2005, his probation was revoked, and he was sentenced to three years' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(k)(1), Movant received three criminal history points for this conviction.

Movant's three-year sentence imposed in March 2005 occurred within 15 years of 2016 and exceeded one year and one month. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1). Defense counsel was therefore not ineffective for failing to object to the inclusion of Movant's 2000 conviction for possession of a controlled substance in calculating his criminal history score. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

5

### B. 2002 Conviction for DWI

In April 2002, Movant was arrested for DWI. PSR ¶ 27. He was convicted of felony DWI and sentenced to three years' imprisonment on March 24, 2005, in the 389th District Court of Hidalgo County, Texas, Case No. CR-2617-02-H. Pursuant to U.S.S.G. § 4A1.1(a), Movant received three criminal history points for this conviction.

As with his sentence for possession of a controlled substance, Movant's three-year sentence for DWI imposed in March 2005 occurred within 15 years of 2016 and exceeded one year and one month. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1). Thus, Defense counsel was not ineffective for failing to object to the inclusion of Movant's 2002 DWI conviction in calculating his criminal history score. *See Kimler*, 167 F.3d 893.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits,

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 36) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 26) is **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

**ORDERED** 9/25/17.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

7